# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LORI SMITH and ROB FAM, INC.** t/a **LIBERTY SQUARE CAFÉ**, : | CIVIL ACTION NO. 1:07-CV-1207 |
| : | (Judge Conner) |
| Plaintiffs : | |
| v. : | |
| : | |
| **CITY OF LEBANON**, **OFFICER MINNICH**, **OFFICER LEAR** and **ROBERT ANSPACH**, : | |
| Defendants : | |

## **MEMORANDUM**

Presently before the court is plaintiffs' objections (Doc. 39) to defendants' bill of costs. (Doc. 36). For the reasons that follow the court will overrule the objections in part and sustain the objections in part.

## I. Background

On July 26, 2010, subsequent to the Third Circuit's affirmance of this court's grant of summary judgment in defendant's favor in the above-captioned matter, see Smith v. City of Lebanon, No. 09-4647 (3d Cir. July 19, 2010), defendants filed their bill of costs. (See Doc. 36). Defendants seek to tax $1,873.40 in court reporter fees for deposition transcripts. Defendants request costs for transcription of the depositions of plaintiff Lori Smith and her husband, Vincent Smith in the amount of $861.40, defendants Minnick and Anspach in the amount of $667, and defendant Lear in the amount of $345. (Doc. 36, at 3-5).

The depositions of Anspach and Lear were video recorded by P.R. Video, Inc., and the depositions of the Smiths and Minnick were recorded by a

stenographer.  (See Docs. 18-2 through 18-5).  It appears that a stenographer contracted by the defendants was also present for the depositions of Anspach and Lear.  (See Doc. 18-2, at 6; Doc. 18-4, at 6).  Defendants noticed the depositions of Lori and Vincent Smith, however, plaintiffs noticed the depositions of Officer Minnick, Officer Lear and Robert Anspach.

Plaintiffs filed the present objection to defendants' bill of costs on October 15, 2010. (Doc. 39).  Plaintiffs contend that it is "fundamentally unfair" to assess costs against them because the costs are the result of defendants' litigation strategy (Doc. 39 ¶ 4), that the depositions of defendants were taken by "alternative means" in absence of written notification per local rules (Id. ¶ 6), and that the Federal Rules of Civil Procedure do not allow for recovery of costs by a party who was not the originator of the deposition, save for the cost of a copy of the deposition obtained from the originator.  (Id.)  Plaintiffs also aver that defendants employed alternative means depositions in order to injure plaintiffs' counsel, Don Bailey, Esquire ("Attorney Bailey") and P.R. Video, Inc.  (Id. ¶ 7).

## II.   Discussion

Federal Rule of Civil Procedure 54(d)(1), which authorizes the court to tax costs,  FED. R. CIV. P. 54(d),[1] creates a strong presumption that costs are to be awarded to the prevailing party.  See In re Paoli Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000).  Taxable costs are those cost explicitly listed in 28 U.S.C. § 1920.  See

---

[1] Rule 54(d)(1) states: "[C]osts—other than attorney's fees—should be allowed to the prevailing party."

Fitchett v. Stroehmann Bakeries, Inc., No. Civ. A. 95-284, 1996 WL 47977, at *1 (E.D. Pa. Feb. 5, 1996) (citing Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993); In re Philadelphia Mortg. Trust, 930 F.2d 306, 307-10 (3d Cir. 1991)).  Pursuant to § 1920, "[a] judge or clerk of any court of the United States may tax as costs . . . fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(b).  Transcripts need not be indispensable to award costs: "it is enough that they are reasonably necessary"—a determination "made in light of the facts known at the time of the deposition."  Fitchett, 1996 WL 47977, at *3 (quoting Barber, 7 F.3d at 645); Adams v. Teamsters Local 115, Civ. A. No. 99-4910, 2007 WL 2071897, at *8 (E.D. Pa. July 17, 2007) (explaining that depositions need only "appear reasonably necessary to the parties in light of the particular situation existing at the time they were taken").  Costs should be awarded unless the result would be "inequitable."  Smith v. Se. Pa. Transp. Auth., 47 F.3d 97, 99 (3d Cir. 1995) (citation omitted).  The court will address the objections regarding the depositions of plaintiff Lori Smith and her husband first, followed by the objections to the depositions of the defendants Minnick, Anspach, and Lear.

### A. **Depositions of Lori and Vincent Smith**

Plaintiffs object to defendants' transcription costs of $861.40 for the depositions of plaintiff Lori Smith and her husband Vincent Smith.  (Doc. 39 ¶ 6). Plaintiffs aver that these deposition costs were incurred "due to trial strategy employed by the Defendants" and that it would be fundamentally unfair and

3

inequitable to charge them with the costs of the defendants' litigation strategy. (Id. ¶¶ 4-6).

The factors a district court may consider in determining whether a costs award is equitable include:

(1) the unclean hands, or bad faith or dilatory tactics, of the prevailing party;
(2) the good faith of the losing party and the closeness and difficulty of the issues they raised;
(3) the relative disparity of wealth between the parties; and
(4) the indigence or inability to pay a costs award by a losing party.

In re Paoli Yard PCB Litig., 221 F.3d at 463. In the instant matter, plaintiffs raise none of these factors, instead broadly asserting the costs to be inequitable and unfair. The court can find no such inequity. To the contrary, the court finds these costs to be both reasonable and necessary. Taking plaintiff Lori Smith's and Vincent Smith's depositions was necessary in order to defend against plaintiffs' claims, and plaintiffs submit no documentation to indicate that the amount taxed for the depositions is unreasonable under the circumstances. See Adams, 2007 WL 2071897, at *8 (depositions need only appear reasonably necessary); cf. Morgan-Mapp v. George W. Hill Corr. Facility, Civ. A. No. 07-2949, 2009 WL 1035141, at *2 (E.D. Pa. Apr. 16, 2009) (rejecting imposition of costs for depositions taken merely to acquire background information). Indeed, the court can "conceive of few, if any, situations in which a defendant's costs from taking a plaintiff's deposition in a private suit between individual litigants would not be reasonably necessary for use in the case." Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1244 (7th Cir. 1985), *overruled on other grounds by* Provident Bank v. Manor Steel Corp., 882 F.2d 258

(7th Cir. 1989). The plaintiffs objections to the costs of the deposition transcripts of plaintiff Lori Smith and Vincent Smith are without merit and are overruled.

### B. Depositions of Officer Minnich, Officer Lear, and Robert Anspach

Plaintiffs' objections to the transcription costs of the depositions of defendants Minnich, Lear and Anspach present a more difficult question. The presence of the stenographer during the video depositions of Officer Lear and Anspach forms the basis of plaintiff's objections to the bill of costs with respect to Minnich, Lear and Anspach.[2] Attorney Bailey on behalf of the plaintiffs was the originator for the depositions of defendants and, as such, he chose to take those depositions by video recording. Attorney Bailey argues that the video was the "primary means" of taking the deposition and that the stenographer employed by the defendants represented "an alternative means" of taking the depositions. (Doc. 39 ¶ 6; Doc. 18-2, at 4). It is Attorney Bailey's position that an "alternative means" deposition is not a taxable cost. This dispute regarding "alternative means depositions" arose during defendants' Lear's and Anspach's depositions, at which point defendants' counsel sought to reserve the right to use the stenographic transcript of the deposition for dispositive motions. (See Doc. 18-4, at 7). Attorney Bailey suggested the parties bring this dispute to the court's attention (id. at 7-8), however no such action was ever taken.

---

[2] It appears from the record that the deposition of Officer Minnick was taken stenographically. (See Doc. 18-3, at 5). It is thus unclear whether defendants contracted a different stenographer to take this deposition, or how exactly the fee for Officer Minnick's deposition was incurred by defendants.

5

Under Federal and Local Rules, a deposition may be recorded by videotape. See FED. R. CIV. P. 30(b)(3)(A); L.R. 30.2. Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), "[t]he noticing party bears the recording cost," however, "[a]ny party may arrange to transcribe a deposition." When a party designates another method for recording the testimony in addition to that specified in the original notice, "[t]hat party bears the expense of the additional record or transcript unless the court orders otherwise." Id. 30(b)(3)(B). Local Rules provide further that "[a] stenographic transcript of the [videotape] deposition *shall not be required*, unless, upon motion of any party, or *sua sponte*, the court so directs," but "[a]ny party may elect to provide a transcript at his or her expense." L.R. 30.4 (emphasis added). Although videotaped depositions are permitted, "[a] party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56." Notes of Advisory Committee on Rules, 1993 Amendment; see also Nusbaum v. MBFG Limited Partnership, Civ. A. No. 07-1032, 2009 WL 2605320 at *3 (W.D. Pa. Aug. 21, 2009).

Given the above, defendants' decision to have a stenographer present at the depositions of defendants, though certainly within their discretion under the rules, see Fed. R. Civ. P. 30(b)(3)(B), was a decision undertaken at their own cost. See id.; Nusbaum, 2009 WL 2605320 at *2. Nonetheless, defendants argue that the court may tax the cost of the additional stenographic recording taken under Federal Rule

6

30 when judgment is entered in their favor. In the instant matter, the court did not order that plaintiff bear the expense of defendants' stenographer in addition to plaintiffs' videographer, and the court refuses to order such now. Indeed plaintiffs claim defendants did not provide them with written notice of the alternative means as required by Federal Rules (see Doc. 39 ¶ 6), a contention the defendants have not responded to, and neither party brought the dispute before the court.

In the alternative, defendants argue that they are entitled to the costs of their simultaneous transcriptions of the depositions because P.R. Video, Inc., the company hired by plaintiffs to take the depositions of defendants, was subject to disqualification under Federal Rule of Civil Procedure 28(c). Defendants aver that P.R. Video, Inc. is owned by Attorney Bailey's wife, who is also the office manager for Attorney Bailey's law offices. (Doc. 41 at 9). According to defendants, P.R. Video is thereby disqualified from taking depositions in all matters handled by Attorney Bailey. It is defendants' position therefore, that they were entitled to have a stenographer present in order "to have a truly independent and disinterested court reporting service record their testimony." (Doc. 41 at 9).

Pursuant to Rule 28(c), "[n]o deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action." FED. R. CIV. P. 28(c). Defendants admit that the deposition notices to defendants indicated plaintiffs' intent to use P.R. Video to videotape the depositions. (Doc. 41 at 8). Despite this notice, defendants did not object at that time or file motions with

7

the court to disqualify P.R. Video. Instead defendants, on their own accord, contracted with a reporting company to transcribe the defendants' depositions. Furthermore, although Attorney Bailey's wife may be the owner of P.R. Video, the video depositions were taken by Stephanie Sterner, a Pennsylvania notary contracted by P.R. Video. (Doc. 18-4 at 5; Doc. 18-2 at 4). The court can find no basis for disqualification, especially in light of the fact that the defendants are raising this issue for the very first time.

The court acknowledges that the depositions of defendants were utilized to support defendants' summary judgment motion, and that a transcribed copy was necessary to submit with their dispositive motion. See Fitchett, 1996 WL 47977, at *4 ("Depositions used in support of a motion for summary judgment are necessarily obtained for use in a case."); see also Notes of Advisory Committee on Rules, 1993 Amendment ("A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56."). Nonetheless, defendants failed to follow proper procedures to obtain the transcribed copies. The Clerk of Court may tax the costs of "[t]he reporter's charge for the original deposition and/or a copy." L.R. 54.4(3). Here, defendants did not seek a copy; they chose to make simultaneous stenographic recordings of the defendants depositions. The Rules clearly indicate they bear the costs of that choice. See FED. R. CIV. P. 30(b)(3)(B).

In Nusbaum v. MBFG Limited Partnership, Civ. A. No. 07-1032, 2009 WL 2605320 (W.D. Pa. Aug. 21, 2009), the Western District of Pennsylvania held that if litigation reached the stage where the production of a deposition transcript from a video was necessary, the parties were to confer and mutually select a court reporter to undertake transcription, with the parties sharing equally in the cost of such transcription. Id. at *3. Instead of seeking a court order for disqualification of P.R. Video, or requesting a transcribed copy of the depositions, defendants hired their own stenographer, apparently without notice to plaintiffs. For the foregoing reasons, the court will sustain plaintiffs' objections to the deposition costs of defendants Anspach, Lear and Minnich.

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:     January 10, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI SMITH and ROB FAM, INC.** <br> **t/a LIBERTY SQUARE CAFÉ,** | : <br> : <br> : | **CIVIL ACTION NO. 1:07-CV-1207** <br> <br> **(Judge Conner)** |
| **Plaintiffs** | : | |
| v. | : <br> : | |
| **CITY OF LEBANON, OFFICER** <br> **MINNICH, OFFICER LEAR and** <br> **ROBERT ANSPACH,** | : <br> : <br> : <br> : | |
| **Defendants** | : | |

## O R D E R

AND NOW, this 10th day of January, 2011, upon consideration of defendants' bill of costs (Doc. 36), and plaintiffs' objections (Doc. 39) to defendants' bill of costs, and for the reasons stated in the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiffs' objections (Doc. 39) to defendants' bill of costs are sustained in part and overruled in part as follows:

   a. The court overrules plaintiffs objections to the deposition costs of Lori and Vincent Smith in the amount of $861.40.

   b. The court sustains plaintiffs' objections to the deposition costs of Officer Minnich, Officer Lear and Robert Anspach in the amount of $1,012.00.

2. The Clerk of Court is directed to tax costs against plaintiffs in the amount of $861.40.

3. The Clerk of Court is directed to enter JUDGMENT in favor of defendants in the amount of $861.40.

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge